IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY J. KIRCH,

                Plaintiff,        Case No. 3:05 CV 7338

-vs-

                                       MEMORANDUM OPINION

PULMONARY DATA SERVICES, INC.,

                Defendant.

KATZ, J.

This matter is before the Court on Defendant's Motion for Transfer of Venue (Doc. No. 11). Plaintiff has filed a response (Doc. No. 13-1), Defendant has filed a reply (Doc. No. 17), and Plaintiff has filed a sur-reply (Doc. No. 18). For the reasons stated below, this Court grants Defendant's motion.

## BACKGROUND

Defendant Pulmonary Data Services, Inc. ("PDS"), of Louisville, Colorado, employed Plaintiff Terry Kirch ("Kirch"), a resident of Wood County, Ohio, as its vice president of sales from September 1, 2003, through September 29, 2004. Kirch and PDS signed an Employment Agreement ("the Agreement") which included a mandatory choice-of-law and forum-selection provisions that require the parties to litigate "all disputes arising under or related to" the Agreement in the State of Colorado under Colorado law. (Doc. No. 1, Exhibit A.)

On July 18, 2005, Kirch filed suit against PDS for breach of the Agreement in the Lucas County, Ohio, Common Pleas Court. PDS removed the case to this Court (Doc. No. 1), then filed

a Motion for Transfer of Venue to the State of Colorado based on the Agreement's forum-selection clause. (Doc. No. 11.)

### DISCUSSION

The parties do not dispute that the Agreement's forum-selection clause is mandatory and valid. However, a valid forum-selection clause is not dispositive in a motion to transfer venue. *Kerobo v. Sw. Cleanfuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). Rather, when a defendant moves to transfer under 28 U.S.C. § 1404(a), "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The forum-selection clause "requires the plaintiff to prove why enforcement and transfer is unreasonable under the circumstances." *Travelers Prop. Cas. Co. of Am. v. Centimark Corp.*, No. 2:04-cv-0916, 2005 U.S. Dist. LEXIS 35611, at *8 (S.D. Ohio May 4, 2005); *see also Interamerican Trade Corp. v. Companhia Fabricadora de Pecas*, 973 F.2d 487, 489 (6th Cir. 1992) (holding that a forum-selection clause "should control absent a strong showing that it should be set aside"); and *IFC Credit Corp. v. Aliano Bros. Gen. Contrs., Inc.*, No. 05-1720, 2006 U.S. App. LEXIS 2439, at *20 (7th Cir. Feb. 1, 2006) (stating that there is a strong presumption that a valid forum-selection clause should be enforced). Thus, this Court must apply the § 1404(a) factors to this case and determine whether enforcement of the forum-selection clause is unreasonable under the circumstances.

A.     TRANSFER OF VENUE STANDARD

The federal transfer of venue statute, 28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under this statute, courts

consider three factors to determine whether the interests of justice weigh for or against transfer of the case: (1) the convenience of parties and witnesses; (2) public interest factors of systemic integrity; and (3) private interest factors. *Kerobo*, 285 F.3d at 537-38. If these factors weigh heavily against transfer, then enforcement of the parties' forum-selection clause would be "unreasonable under the circumstances." *See Travelers*, 2005 U.S. Dist. LEXIS 35611, at *13. Because this Court finds that they do not, it agrees with PDS that the United States District Court for the District of Colorado is the appropriate venue for this suit.

    1.    *The convenience of parties and witnesses*

Neither party argues that the convenience of witnesses is an issue in this case. Instead, Kirch argues his inconvenience weighs against transfer of this case. According to the information in his complaint, Kirch had a "serious and ongoing cardiac condition" when he signed the Agreement with PDS, yet he did not dispute its forum-selection clause. (Doc. No. 1, Exhibit A.) Now he asks this Court to invalidate the clause based on a letter in which his cardiologist states that he has "advised [Kirch] against traveling to any great extent for any prolonged period of time," and that he "believe[s] it would be, by far, in [Kirch's] best interest to have this trial in a location close to home." (Doc. No. 13-2.)

This Court agrees with the findings of several circuit courts that, in the absence of exceptional circumstances, the existence of a valid forum-selection clause renders the party's inconvenience irrelevant to its § 1404(a) analysis. *See IFC Credit Corp.*, 2006 U.S. App. LEXIS 2439, at *20 (finding that the "party's inconvenience has no weight if the [forum-selection] clause is valid, because the party waived any objection based on inconvenience to it by agreeing to the clause") (internal citations omitted); and *P&S Bus. Machs, Inc. v. Canon USA, Inc.*, 331 F.3d 804,

807 (11th Cir. 2003) (stating that "[b]y enforcing the contractual forum, the court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen"). There is nothing in the record to suggest that Kirch is physically unable to travel or litigate this case in Colorado, or that enforcement of the forum-selection clause would place an unreasonable burden on him. Thus, there are no exceptional circumstances under the first § 1404(a) factor that weigh against transfer of this case.

    2.    *Public interest factors of systemic integrity*

"Public interest factors include the issues of congested dockets, concerns with resolving controversies locally, and, in a diversity case, having the trial in a forum that is at home with the state law that must govern the case." *Travelers*, 2005 U.S. Dist. LEXIS 35611, at *11. Kirch is a resident of and worked for PDS in the State of Ohio. PDS is a Colorado corporation based in Louisville, Colorado. Thus, both Ohio and Colorado have an interest in resolving this controversy locally. However, since the Agreement's choice-of-law provision mandates that Colorado law governs this dispute, this factor weighs slightly in favor of transfer. *See id.* at *12.

    3.    *Private interest factors*

Private interest factors include access to proof, the availability of compulsory processes and expense involved in obtaining witnesses, and "all other practical problems that make trial of a case easy, expeditious an inexpensive." *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Since neither party has stated facts or made any argument that these factors support litigation in either Ohio or Colorado, this Court has no basis to apply any weight to this factor in its § 1404(a) analysis.

**CONCLUSION**

Since Kirch has not demonstrated under any of the § 1404(a) factors that enforcement of the forum-selection clause is unreasonable under the circumstances, this Court grants PDS' Motion for Transfer of Venue (Doc. No. 11). The Clerk is hereby instructed to transfer this case to the United States District Court for the District of Colorado.

IT IS SO ORDERED.

                                                  s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  SENIOR U. S. DISTRICT JUDGE